IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| ANGELA DENISE NAILS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. 1:06CV250-MEF |
| | ) | (WO) |
| RUBY BEAVERS, | ) | |
| | ) | |
| Defendant. | ) | |

**ORDER AND RECOMMENDATION OF THE MAGISTRATE JUDGE**

In this action, plaintiff brings a claim of discrimination pursuant to the claims pursuant to the Fair Housing Act, 42 U.S.C. § 3601, *et seq.* According to the complaint, plaintiff's claims arise from defendant's failure to address plaintiff's complaints regarding actions of other tenants which occurred at an apartment plaintiff leased from defendant in Arbor Acres Apartments, Aliceville, Alabama. (Complaint, pp. 1, 3). Plaintiff alleges that defendant's mailing address is in "Albertsville, Alabama." (Complaint, p. 4).

The applicable venue statute provides:

A civil action wherein jurisdiction is not founded solely on diversity of citizenship may, except as otherwise provided by law, be brought only in (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought.

28 U.S.C. §1391(b).

Aliceville, Alabama – where a substantial part of the events giving rise to the claim

occurred – is in Pickens County. Albertville, Alabama – the address given by plaintiff for the defendant – is in Marshall County. Both Pickens and Marshall Counties are within the Northern District of Alabama. 28 U.S.C. § 81(a)(5), (6).

Accordingly, it is

ORDERED that the Clerk is DIRECTED to provide this order to the defendant at the address provided by plaintiff for service of the summons and complaint. If defendant wishes to waive improper venue, she is DIRECTED to so notify the court, in writing, on or before April 10, 2006.

Additionally, it is the RECOMMENDATION of the Magistrate Judge that – unless defendant notifies the court that she wishes to waive venue – this action be DISMISSED for improper venue.[1]

The Clerk of the Court is ORDERED to file the Recommendation of the Magistrate Judge and to serve a copy on the parties to this action. The parties are DIRECTED to file any objections to this Recommendation on or before April 10, 2006. Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation objected to. Frivolous, conclusive or general objections will not be considered by the District Court.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar the party from a *de novo* determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual

---

[1] The complaint, as presently framed, fails to state a claim under the Fair Housing Act.

findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. Resolution Trust Co. v. Hallmark Builders, Inc., 996 F.2d 1144, 1149 (11th Cir. 1993); Henley v. Johnson, 885 F.2d 790, 794 (11th Cir. 1989).

DONE, this 27th day of March, 2006.

/s/ Susan Russ Walker
SUSAN RUSS WALKER
UNITED STATES MAGISTRATE JUDGE